CRAWFORD, Chief Judge
(dissenting):
While there must be accountability in eliminating errors as to the command judge advocate’s (CJA) recommendation, appellant is required to show a colorable claim of prejudice. United States v. Chatman, 46 MJ 321, 323-24 (1997); see also United States v. Wheelus, 49 MJ 283, 286-87 (1998). That has not been done. Nor is there any chance that appellant will be retained in the service as a result of a new CJA recommendation and action by the convening authority. One only needs to ask whether the Navy wants to have appellant or a new recruit off the street in the service. The answer, based on his offenses, is obvious.
FACTS
Appellant was an eighteen-year-old sailor with less than a year of active service at the time of the offenses and was assigned to the USS ABRAHAM LINCOLN at the Puget Sound Naval Shipyard, Bremerton, Washington. Over a four-month period, appellant was absent without leave from his unit on four separate occasions. These absences occurred on May 6-11, June 1-4 and 7-25, and June 28-September 3, 1999. Appellant offered no excuses for his absences other that he just did not want to go to work. He stayed in the local area during his first three absences and for a good portion of his last absence. His last unauthorized absence terminated when he turned himself in at the Great Lakes base in Chicago after traveling through Texas.
On August 1, 1999, appellant stole $1,500.00 from the Washington Mutual Bank in Everett, Washington. He did so by depositing a forged check into his checking account using the ATM. Over the next few days, he withdrew the funds from his checking account. He obtained the blank check from Senitria Larue, whose account at Washington Mutual Bank had been closed. Appellant forged Senitria Larue’s signature on the check and made it payable to himself in the amount of $1,500.00.
Appellant was convicted based on his pleas of guilty. After announcing the sentence, the military judge made the following comment:
I would ask the trial counsel to pass to the convening authority the nature and content of the accused’s stated desire to have another chance and that he’s learned his lessons and that the convening authority and the chain of command that knows Seaman Recruit Williams take into consideration whether they want to defer or suspend any portion of this sentence in order to allow him to have a suspended bad-conduct discharge and demonstrate that his stated desire to continue his enlistment is something that he can pull off.
I say that in light of the nice testimonials from two pastors and from his mother concerning his intended desire to do well in the Navy, as well as his youth, and realizing that hopefully, if he has learned from this experience and the brig can perform its rehabilitative function, that Seaman Recruit Williams may have an opportunity to fulfill that enlistment.
On January 21, 2000, his defense counsel submitted a request for clemency. The CJA completed his recommendation, dated April 19, 2000, and submitted it to the defense counsel, who did not acknowledge receipt of the CJA recommendation until May 24, 2000. *5 Neither defense counsel nor appellant objected to the convening authority taking action before acknowledgement of the receipt of service. The convening authority took action and approved appellant’s sentence on May 23, 2000. The action reflects that “the record of trial, the results of trial, the defense’s clemency request dated 21 January 2000, and the Command Judge Advocate’s recommendation have been considered.”
The court below, 56 MJ 223, found that the convening authority erred by taking action before the CJA’s recommendation was served on the detailed defense counsel. In a footnote to its opinion, the court below stated:
The convening authority’s action states that the [C]JAR was submitted to the appellant’s defense counsel on 1 May 2000. Nonetheless, we choose to rely on the date of acknowledgment by the defense counsel.
Unpub. op. at 2 n. 1.
DISCUSSION
RCM 1106(0(5) states: “Counsel for the accused shall be given 10 days from service of the record of trial under RCM 1104(b) or receipt of the recommendation, whichever is later, in which to submit comments on the recommendation.” The court below acknowledged that the convening authority erred by taking action before the ten days had expired. I agree.
Nonetheless, appellant is not entitled to relief unless he is able to demonstrate prejudice. The court below found no prejudice because appellant’s earlier clemency submission of January 21, 2000, was before the convening authority, and appellant has failed to show what additional clemency matters he would have submitted.
Thus, I cannot conclude that appellant was prejudiced by the failure of the CJA’s recommendation to include the second paragraph of the military judge’s clemency recommendation.